IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DENNIS WAYNE ELLIOTT,
    Petitioner,

vs.                                                Case No.: 3:15cv359/MCR/EMT

JULIE L. JONES,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Petitioner Dennis Elliott's ("Elliott") second amended petition for writ of habeas corpus, filed under 28 U.S.C. § 2254 (ECF No. 11).  Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 30).  Elliott filed a response in opposition to the motion (ECF No. 34).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is further the opinion of the

undersigned that the pleadings and attachments before the court show that Respondent's motion to dismiss should be granted, and this habeas action dismissed as untimely.

I.  BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 30).[1]  Elliott was charged in the Circuit Court in and for Santa Rosa County, Florida, Case No. 09-CF-996, with one count of trafficking in amphetamine or methamphetamine (200 grams or more) (Count I), one count of sell, manufacture, deliver, or possess with intent to sell, manufacture or deliver a controlled substance (methamphetamine) (Count II), one count of unlawful possession of a listed chemical (ephedrine or pseudoephedrine) (Count III), one count of possession of a controlled substance (less than 20 grams of cannabis) (Count IV), one count of possession of drug paraphernalia (Count V), and one count of resisting an officer without violence (Count VI) (Ex. A).  Following a jury trial, Elliott was found guilty as charged on all counts (*see* Ex. B at 99).  The State nolle prossed Count II (*see id.*).  On June 30, 2010, Elliott was sentenced to a term of twenty (20) years in prison on Count I, a

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 30) unless otherwise indicated.  Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

Case No.: 3:15cv359/MCR/EMT

concurrent mandatory minimum term of fifteen (15) years in prison on Count III, and time served on Counts IV, V, and VI (*id.*). Elliott appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D10-4079 (Ex. C). The First DCA affirmed the judgment per curiam without written opinion on November 16, 2011 (Ex. D). Elliott v. State, 75 So. 3d 271 (Fla. 1st DCA 2011). The mandate issued December 2, 2011 (Ex. E).

On January 13, 2012, Elliott filed a motion for reduction, modification, or correction of sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Ex. F at 1–7). The court summarily denied the motion in an order rendered February 9, 2012 (*id.* at 8–9).

On October 16, 2012, Elliott filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. F at 10–109). The state circuit court struck the motion as facially insufficient on December 5, 2012, and granted Elliott leave to file an amended motion within thirty (30) days (*id.* at 112–15). The circuit court subsequently extended the deadline to March 5, 2013 (*id.* at 205–06). Elliott filed a timely amended motion (*id.* at 121–204). The circuit court summarily denied the Rule 3.850 motion in an ordered rendered June 3, 2013 (*id.* at 223–41). On June 13, 2013, Elliott filed a motion for rehearing and a motion for leave to file a

second amended Rule 3.850 motion (*id.* at 305–29). The state circuit court accepted both motions as timely filed and denied them in an order rendered March 25, 2014 (*id.* at 335–37). Elliott appealed the order denying his amended Rule 3.850 motion to the First DCA, Case No. 1D14-1771 (*id.* at 338). On September 30, 2014, the First DCA affirmed the lower court's decision per curiam without written opinion (Ex. G). Elliott v. State, 150 So. 3d 1136 (Fla. 1st DCA 2014) (Table). The mandate issued November 6, 2014 (Ex. H).

Elliott commenced the instant federal habeas action on August 6, 2015 (ECF No. 1 at 1).

II.     ANALYSIS

    A.     Calculation of Federal Limitations Period and Statutory Tolling

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period. *See* 28 U.S.C. § 2244(d)(2).

Respondent argues that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment of conviction, pursuant to § 2244(d)(1)(A) (*see* ECF No. 30 at 4). Respondent asserts that the finality date is March 1, 2012, which is 90 days from the date of the First DCA's mandate on direct appeal (ECF No. 30 at 4). Elliott does not assert that a different statutory trigger applies (*see* ECF No. 34).

The judgment becomes final for purposes of § 2244(d)(1)(A) upon expiration of the 90-day period in which a defendant may seek direct review of his conviction in the United States Supreme Court. The 90-day period runs from the date of entry of the judgment sought to be reviewed. *See* <u>Chavers v. Sec'y, Fla. Dep't of Corr.</u>, 468 F.3d 1273, 1275 (11th Cir. 2006). Federal Rule of Civil Procedure 6(a) provides that

"[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also* <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Calculating the finality date in Elliott's case, the 90-day period for seeking certiorari review in the United States Supreme Court was triggered by the First DCA's affirmance in the direct appeal, on November 16, 2011, and it expired 90 days later, on February 14, 2012. Therefore, the statute of limitations began to run on February 15, 2012, the next day. Elliott had one year from that date, or until February 15, 2013, to file his § 2254 petition. *See* <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing <u>Ferreira v. Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

The court will next address whether Elliott is entitled to statutory tolling, pursuant to § 2244(d)(2). Elliott filed a Rule 3.850 motion, which qualifies as a tolling motion, on October 16, 2012.[2] At that time, **244 days** of the federal limitations

---

[2] Elliott's Rule 3.800(c) motion was filed and disposed of prior to the finality date of his conviction; therefore, it does not affect the calculation of the federal limitations period.

Case No.: 3:15cv359/MCR/EMT

period had run. Elliott's Rule 3.850 motion was pending until November 6, 2014, upon issuance of the First DCA's mandate in the post-conviction appeal. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court). The federal limitations period recommenced the next day, on November 7, 2014, and expired **121 days** later, on March 7, 2015 (**244 days** + **121 days** = **365 days**). Because that day was a Saturday, Elliott had until March 9, 2015 to file his federal petition. *See* Fed. R. Civ. P. 6(a)(1)(C). Elliott did not file his federal habeas petition until August 6, 2015. Therefore, it is untimely.

B. Equitable Tolling

Elliott contends he is entitled to equitable tolling of the limitations period (*see* ECF No. 34). "Because the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, the Supreme Court has held § 2244(d) does not bar the application of equitable tolling in an appropriate case." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649. As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014). Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the case. Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012); *see* Holland, 560 U.S. at 649–50 (clarifying that the exercise of a court's equity powers must be made on a case-by-case basis). A petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. Hutchinson, 677 F.3d at 1099. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653; *see also* Smith v. Comm'r, Ala. Dep't of Corr., 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (acknowledging petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts"). Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with

AEDPA's limitations period. Cole, 768 F.3d at 1158 (quotation marks and citation omitted).

      1.    <u>Surgery and "Lost Mail"</u>

Elliott alleges at the time he received the state circuit court's order striking his initial Rule 3.850 motion with leave to amend, which was rendered December 5, 2012, he was undergoing a liver operation and thus temporarily housed at the FDOC's Reception and Medical Center (ECF No. 34 at 8–10, 18 & Exhibit B).[3] Elliott alleges he requested additional time to file an amended Rule 3.850 motion, and the court granted the extension (*id.*). Elliott acknowledges that he filed an amended motion by the extended deadline (*id.*). The state court denied the amended Rule 3.850 motion on June 3, 2013 (*id.*). Elliott alleges that because of his liver operation, he was forced to rely upon the assistance of law library staff and a law clerk from the Reception and Medical Center (*id.*). Elliott alleges on June 13, 2013, he filed a motion for rehearing and a motion for leave to file a second amended Rule 3.850 motion to correct the deficiencies of the inadequate legal assistance he had received (*id.*). Elliott alleges his motion for rehearing and motion to amend were initially lost in the mail, but the circuit court eventually received them, and denied both motions on March 25, 2014

---

[3] The page references to Elliott's pleadings reflect the page numbers as enumerated in the court's electronic docketing system rather than those Elliott may have assigned.

(*id.*).  Elliott contends he is entitled to equitable tolling of the federal limitations period due to his liver operation and the delay in the circuit court's receipt of his motion for rehearing and motion to amend (*id.*).

Elliott has already received tolling for the period in question.  This court has permitted statutory tolling for the entire period from October 16, 2012 to November 6, 2014.  This covers the period during which Elliott alleges he underwent the liver operation (December of 2012 to no later than June of 2013) and the period of delay in the state court's receipt of his motion for rehearing and motion to amend his amended Rule 3.850 motion (June 13, 2013 to no later than March of 2014).  Elliott has failed to demonstrate he is entitled to any additional tolling due to his surgery and the lost mail.

      2.     "Denied Briefing"

Elliott alleges his initial brief in the post-conviction appeal was due on March 1, 2014 (ECF No. 34 at 10–11 & Exhibit C).  He alleges he incurred a 60-day stint in disciplinary confinement, during which he was separated from his legal work and had limited access to the law library (*id.*).  Elliott alleges on May 7, 2014, he requested an extension of the deadline to file his initial brief, and the First DCA extended the deadline to June 27, 2014 (*id.*).  Elliott alleges he requested another extension, and the

First DCA extended the deadline to July 28, 2014 (*id.*) Elliott alleges he was released from disciplinary confinement on July 17, 2014, and prepared a handwritten initial brief (*id.*). He alleges on July 28, 2014, he requested an additional extension of time from the First DCA, to August 14, 2014, to enable a law clerk to type his handwritten brief (*id.*). Elliott alleges on August 12, 2014, he filed his initial brief and a motion to accept it as timely file (*id.*). Elliott submitted copies of these filings, and this court notes that neither document is typed—they are both handwritten (*see* ECF No. 34, Exhibit C). The First DCA denied Elliott's motion to accept his untimely brief. On September 30, 2014, the First DCA affirmed the lower court's denial of the amended Rule 3.850 motion. Elliott contends he is entitled to equitable tolling of the limitations period, because he did not receive meaningful appellate review in the First DCA due to the court's failure to consider his brief.

Elliott has not shown that the First DCA's refusal to consider his brief caused Elliott to miss the filing deadline for his § 2254 petition. Therefore, the "denied briefing" circumstance does not warrant equitable tolling.

    3.    <u>Mental Impairments</u>

Elliott alleges he was evaluated for competency in the state criminal proceedings (ECF No. 34 at 16–17). He alleges one expert concluded he was

incompetent to proceed, and the other concluded he was competent (*id.*). Elliott contends the trial court should have appointed a third expert to evaluate his competency to stand trial (*id.*). Elliott alleges he has a long history of mental illness (*id.*). He alleges he had been treated by mental health professionals both "on the street" and in prison (*id.*). Elliott alleges prison physicians have placed him on "serious medications" in the past, and these medications affected his ability to read, write, and understand (*id.*). He also alleges he has a limited education (*id.*). Elliott submitted a report of a test of his reading, math, and language skills, dated July 15, 2015 (Exhibit K). The report indicates that he has a grade equivalent of sixth grade in reading, and fifth grade in math and language (*id.*). Elliott alleges his mental impairments and his lack of education substantially disadvantaged his ability to navigate the state and federal post-conviction processes (*id.*).

Mental impairment is not per se a reason to toll the statute of limitations. *See* Hunter v. Ferrell, 587 F.3d 1304, 1309–10 (11th Cir. 2009). Rather, the alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition. *Id.*; *see also* Lawrence v. Florida, 421 F.3d 1221, 1226–27 (11th Cir. 2005) (petitioner's contentions that his full scale IQ was 81 and he had "suffered from mental impairments his entire life," without more, were insufficient to justify

equitable tolling because they did not establish a "causal connection between [the petitioner's] alleged mental incapacity and his ability to file a timely petition").

In support of his equitable tolling argument, Elliott submitted copies of many of the pleadings and motions he submitted to the state courts during the post-conviction process, including his original and amended Rule 3.850 motions, his motions for rehearing, and his initial brief in the post-conviction appeal (ECF No. 34, Exhibits B, C). Elliott states that he prepared some of his filings and that others were prepared with the assistance of inmate law clerks.

All of Elliott's state court filings are clear and organized, and show that Elliott was well able to express himself in an intelligible, coherent, and forceful manner with and without the assistance of inmate law clerks. His filings also show that he sufficiently understood his legal rights. The same is true of Elliott's original, amended, and second amended § 2254 petitions, his legal memoranda, and his reply to Respondent's motion to dismiss (*see* ECF Nos. 1, 4, 5, 11, 34).

Elliott has not demonstrated that at any time during the running of the federal statute of limitations, his mental impairments affected his ability to timely file his § 2254 petition. Each of the six claims raised in the second amended § 2254 petition (ECF No. 11) were presented to the state courts in Elliott's amended Rule 3.850

motion, which was filed in January of 2013 (ECF No. 30, Ex. F at 121–204). Upon the First DCA's issuance of the mandate in the post-conviction appeal on November 6, 2014, Elliott had four months (until March 9, 2015) to timely present the same claims to this federal court by simply completing the court-approved § 2254 petition form. Elliott waited until August of 2015 to commence this federal habeas action, with no showing that the delay was caused by his mental impairments. Therefore, he is not entitled to equitable tolling on this ground.

4.   Prison Transfer

Elliott alleges that on November 20, 2014, he was transferred to Florida State Prison and half of his legal work was missing (ECF No. 34 at 19). He alleges he diligently worked day and night to prepare his § 2254 petition, but his legal knowledge and access to the law library was limited (*id.*).

As noted *supra*, Elliott was aware of his post-conviction claims as early as January of 2013, when he presented them to the state courts. All he had to do was simply complete the court-approved § 2254 petition form upon issuance of the First DCA's mandate on November 6, 2014. Elliott was obviously able to prepare a § 2254 petition while he was housed at Florida State Prison, as evidenced by the fact that he included that address on one of his § 2254 supporting memoranda, with a notation that

he had been recently transferred to Santa Rosa C.I. (*see* ECF No. 1 at 107–43). Elliott has not shown that his transfer to Florida State Prison prevented him from filing a timely § 2254 petition during the period November 7, 2014 to March 9, 2015. Therefore, he failed to demonstrate that his prison transfer entitles him to equitable tolling of the federal limitations period.

C.    Actual Innocence

Elliott argues he is entitled to review of his federal claims because he is actually innocent of the drug charges (ECF No. 34 at 12–15, 20–21). He alleges evidence discovered during a search of his residence was the product of an unlawfully obtained search warrant (*id.*).

In McQuiggin v. Perkins, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that there is an "equitable exception" to the statute of limitations set forth in § 2244(d), but only when the petitioner presents new evidence that shows it is more likely than not that no reasonable juror would have convicted him.  133 S. Ct. at 1928, 1931, 1933.  The Court cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of [ ] new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

doubt.'" Id. (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) and citing <u>House v. Bell</u>, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006)).

The Supreme Court stated in <u>Schlup</u>:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

513 U.S. at 327.

The Supreme Court has explained that "'actual innocence' means factual innocence, not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998).

Petitioner's contention that the jury heard evidence that should have been suppressed presents a claim of legal insufficiency in the criminal proceedings. It does not suggest his factual innocence of the drug charges. Therefore, Petitioner is not entitled to review of his § 2254 petition through the "actual innocence" gateway.

III. CONCLUSION

Elliott's § 2254 petition was not filed within the one-year statutory limitations period of § 2244(d)(1), and he has not shown that he is entitled to review of his

petition through any equitable exception to the time bar. Therefore, Respondent's motion to dismiss should be granted, and the second amended § 2254 petition dismissed should be with prejudice as untimely.

## IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order. Rule 11(a) additionally provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254

Cases.  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 30) be **GRANTED**.

2. That the second amended habeas petition (ECF No. 11) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 31st day of January 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**